1   DENNIS J. HERRERA, State Bar #139669
    City Attorney
2   JOANNE HOEPER, State Bar #114961
    Chief Trial Deputy
3   ANDREW GSCHWIND, State Bar #231700
    Deputy City Attorney
4   Fox Plaza
    1390 Market Street, 6th Floor
5   San Francisco, California 94102-5408
    Telephone:    (415) 554-3800
6   Facsimile:    (415) 554-3837

7   Attorneys for Defendant
    CITY AND COUNTY OF SAN FRANCISCO

8

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

FEB 2 2 2008

GORDON PARK-LI, Clerk
BY: _____ MARY ANN MORANI
                    Deputy Clerk

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF SAN FRANCISCO

11                        UNLIMITED JURISDICTION

12   DONALD G. BERTONE,                    Case No. CGC-07-466431

13          Plaintiff,                     **NOTICE TO SUPERIOR COURT AND
                                           TO PLAINTIFF OF REMOVAL TO
14      vs.                                FEDERAL COURT**

15   CITY & COUNTY OF SAN                  Date Action Filed:    Aug. 21, 2007
     FRANCISCO, SAN FRANCISCO              Trial Date:   Not Set
16   POLICE DEPT., SAN FRANCISCO
     GENERAL HOSPITAL, SAN
17   FRANCISCO SHERIFF'S DEPT. and
     DOES 1-100,
18
            Defendants.
19

20

21   TO:    CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF *IN PRO PER*:

22          **NOTICE IS HEREBY GIVEN** that the City and County of San Francisco named as

23   defendant in the above-captioned action, in the files and records of the Superior Court in and for the

24   City and County of San Francisco, on February 19, 2008, filed in the United States District Court for

25   the Northern District of California a Notice of Removal of said action to the said United States

26   District Court, pursuant to 28 U.S.C. §§1441 and 1446.

27

28

1        A copy of said Notice of Removal is attached hereto as Exhibit A, and is served and filed

2  herewith.

3

4  Dated: February 20, 2008

5

6                           DENNIS J. HERRERA
                               City Attorney

7                           JOANNE HOEPER
                           Chief Trial Deputy

8                           ANDREW M. GSCHWIND
                           Deputy City Attorney

9

10                  By:

11                      ANDREW M. GSCHWIND

12                    Attorneys for Defendant
                    City & County of San Francisco

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, FOLASHADE ADESANWO, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On February 19, 2008, I served the attached:

NOTICE TO SUPERIOR COURT AND TO PLAINTIFF OF REMOVAL TO FEDERAL COURT

on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

Donald G. Bertone
336 Lathrop Avenue
San Francisco, CA 94134

*Plaintiff in Pro Per*

and served the named document in the manner indicated below:

☒     BY MAIL: I caused true and correct copies of the above documents, by following ordinary business practices, to be placed and sealed in envelope(s) addressed to the addressee(s), at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, City and County of San Francisco, California, 94102, for collection and mailing with the United States Postal Service, and in the ordinary course of business, correspondence placed for collection on a particular day is deposited with the United States Postal Service that same day.

☐     BY PERSONAL SERVICE: I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).

☐     BY EXPRESS SERVICES OVERNITE: I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered to EXPRESS SERVICES OVERNITE for overnight courier service to the office(s) of the addressee(s).

☐     BY FACSIMILE: I caused a copy(ies) of such document(s) to be transmitted via facsimile machine. The fax number of the machine from which the document was transmitted wasFax #'.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed February 19, 2008, at San Francisco, California.

FOLASHADE ADESANWO

DEF. CCSF'S ANSWER TO COMPLAINT      Case No. 07-466431                          n:\lit\li2008\080844\00466871.doc

1   DENNIS J. HERRERA, State Bar #139669
    City Attorney
2   JOANNE HOEPER, State Bar #114961
    Chief Trial Deputy
3   ANDREW GSCHWIND, State Bar #231700
    Deputy City Attorney
4   Fox Plaza
    1390 Market Street, 6th Floor
5   San Francisco, California 94102-5408
    Telephone:    (415) 554-3800
6   Facsimile:    (415) 554-3837

7   Attorneys for Defendant
    CITY AND COUNTY OF SAN FRANCISCO

8

9           UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA

11  DONALD G. BERTONE,                          CV 08   1003

12              Plaintiff,                        NOTICE OF REMOVAL OF ACTION
                                                 UNDER 28 U.S.C. § 1441(b) (FEDERAL
13      vs.                                      QUESTION JURISDICTION) BY
                                                 DEFENDANT CITY AND COUNTY OF
14  CITY & COUNTY OF SAN                         SAN FRANCISCO [28 U.S.C. §§ 1441,
    FRANCISCO, SAN FRANCISCO                     1446]
15  POLICE DEPT., SAN FRANCISCO
    GENERAL HOSPITAL, SAN                        DEMAND FOR JURY TRIAL
16  FRANCISCO SHERIFF'S DEPT. and
    DOES 1-100,
17
                Defendants.
18

19

20

21

22

23

24

25

26

27

28

1       TO THE CLERK OF THE ABOVE COURT AND TO PLAINTIFF AND HER COUNSEL

2   OF RECORD:  NOTICE IS HEREBY GIVEN that the City and County of San Francisco, named as

3   defendant in the above-captioned action, No. CGC-07-466431 in the files and records of the

4   Superior Court of California for the County of San Francisco, hereby removes said action to the

5   United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections

6   1441 and 1446, and is filing in said Superior Court a Notice of Removal.

7       Defendant City and County of San Francisco pursuant to 28 U.S.C. §§1441 and 1446,

8   presents the following facts to the Judges of the United States District Court for the Northern District

9   of California:

10       A civil action bearing the above-caption was commenced in the Superior Court of California

11   for the City and County of San Francisco, Case No. CGC-07-466431 on August 21, 2007, and is

12   pending therein.  The summons and complaint were served on the City and County of San Francisco

13   on January 17, 2008.  The complaint includes a claim for violations of "Federal Law" involving

14   alleged "civil rights" violations.

15       This action is one which may properly be removed to this Court pursuant to 28 U.S.C.

16   §1441(a) because the complaint alleges a violation of federal civil rights law.

17       To the extent that plaintiff's complaint alleges a claim or cause of action other than violation

18   of rights under the laws of the United States, said causes of action may be removed and adjudicated

19   by this Court pursuant to 28 U.S.C. §1441(c).

20       Pursuant to 28 U.S.C. §1446(b), copies of the process, pleadings and other orders served

21   upon defendant in this action are attached as Exhibit A.  Defendant's answer and related documents

22   are attached as Exhibit B.

23       WHEREFORE, defendant prays that the above action now pending in the Superior Court of

24   California for the County of San Francisco be removed in its entirety to this Court for all further

25   proceedings.

26

27

28

# DEMAND FOR JURY TRIAL

Defendant City and County of San Francisco demands a trial by jury in this action.

Dated: February 15, 2008

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
ANDREW M. GSCHWIND
Deputy City Attorney

By: _____
ANDREW M. GSCHWIND
Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

1  **BERTONE V. CCSF, ET AL.**

2  <u>**PROOF OF SERVICE**</u>

3  I, FOLASHADE ADESANWO, declare as follows:

4  I am a citizen of the United States, over the age of eighteen years and not a party to the
within entitled action.  I am employed at the City Attorney's Office of San Francisco, Fox Plaza

5  Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

6  On February 15, 2008I served the attached:

7  NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION
JURISDICTION) BYDEFENDANT CITY AND COUNTY OF SAN FRANCISCO

8  [28 U.S.C. §§ 1441, 1446]

9  DEMAND FOR JURY TRIAL

10  on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed
as follows:

11  Donald G. Bertone
336 Lathrop Avenue

12  San Francisco, CA  94134

13  *Plaintiff in Pro Per*

14  and served the named document in the manner indicated below:

15  ☒  **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above
documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States

16  Postal Service.  I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and
processing mail.  In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited,

17  postage prepaid, with the United States Postal Service that same day.

18  I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

19

20  Executed February 15, 2008, at San Francisco, California.

21

22  FOLASHADE ADESANWO

23

24

25

26

27

28

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|
| **NOTICE TO DEFENDANT:** *City and County of San Francisco*<br>**(AVISO AL DEMANDADO):** *San Francisco Police Dept.*<br>*San Francisco Sheriffs Dept,   Does 1-100*<br>*San Francisco General Hospital* | RECEIVED<br>MAYOR'S OFFICE<br><br>08 JAN 17 AM 10: 47 |

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

*Donald G. Bertone*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *Superior Court State of California* | CASE NUMBER:<br>(Número del Caso): CGC-07-466431 |
|---|---|
| (El nombre y dirección de la corte es): *400 McAllister*<br>*San Francisco. 94102* | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *Donald G. Bertone*
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
*336 Lathrop Avenue   SanFrancisco CA 94134   415.418.0100*

| DATE: *AUG 2 1 2007*   **Gordon Park-Li** | Clerk, by *Jun Panelo* | , Deputy |
|---|---|---|
| (Fecha) | (Secretario) | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of (specify): |
| | 3. ☒ on behalf of (specify): *San Francisco Police Department* |
| | under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)<br>☐ COP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)<br>☒ other (specify): *CCP 416.50 (public entity)* |
| | 4. ☐ by personal delivery on (date): |

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| | | American LegalNet, Inc.<br>www.USCourtForms.com |

CASE NUMBER: CGC-07-466431  DONALD G. BERTONE VS. CITY AND COUNTY OF SAN FF

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

DATE:       **JAN-25-2008**

TIME:       **9:00AM**

PLACE:      **Department 212**
            **400 McAllister Street**
            **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.** (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**

CASE MANAGEMENT CONFERENCE SET

ENDORSED
FILED
San Francisco County Superior Court

Donald G. Bertone
in Pro Per
236 Lathrop Avenue
San Francisco, CA 94134
Tel.: 415-418-0100
467-9669

JAN 2 5 2008 -9ºº AM

DEPARTMENT 212

AUG 2 1 2007

GORDON PARK-LI, Clerk
BY: _____ JUN R PANELO
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

UNLIMITED CIVIL JURISDICTION

Donald G. Bertone
Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO,
SAN FRANCISCO POLICE DEPT.,

SAN FRANCISCO GENERAL HOSPITAL
and San Francisco Sheriffs Dept,
Does 1 to 100
Defendants.

Case No.   CGC-07-466431

COMPLAINT FOR ILLEGAL
SEIZURE AND ARREST, ILLEGAL
IMPRISONMENT AND CONFINEMENT,
PHYSICAL ASSAULT, EMOTIONAL HARM,
ECONOMIC DAMAGE, physical injury

1. Donald G. Bertone ("Plaintiff") filed this complaint on 8-21-07 against the City and County of San Francisco the San Francisco Police Department, the San Francisco Sheriff Department and San Francisco General Hospital; all of which are believed to fall under the leadership of Mayor Gavin Newsom.

2. Claims against the City were filed in accordance with City procedures and a letter from the City Attorney's Office rejecting the claims was received on 2-21-07

3. Plaintiff reported the incident to DA Kamala Harris and Chief of Police Heather Fong. Their offices suggested filing a complaint with the Office of Citizens' Complaints. Plaintiff did so early on in the year and has not been informed of any progress on said complaint.

4. The California Superior Court is the proper venue for this legal action as Plaintiff's rights under the California State Constitution as well as under Federal Law were violated. This Court also has jurisdiction over such matters as well as tort claims.

5. 13th Cause of Action ~ While being transported in a San Francisco Police Dept. van, which was devoid of any body restraints in the rear, I was thrown and injured to the point I was knocked unconscious and had to be taken to SF General Hospital for treatment to the injuries I still suffer from. This was on 1-17-06

First Cause of Action — 8-24-06
— while in custody of the San Francisco Sheriffs Department,
I was brutally beaten by Sheriffs Deputies, names unknown,
placed in solitary confinement without clothes, food or water and
blanket and taken to SF General Hospital after 12 hours to
be treated for cracked ribs and head injury. This
was because I requested medical care for a condition
I have been treated for by my private physian.

8. **Second Cause of Action: Violation of Article I "Declaration of Rights," Section 1: Right to Privacy, Safety, Happiness and Enjoyment of Property.** Police Officers and Sheriffs personnel violated Plaintiff's privacy rights whey they told Plaintiff that they had spoken with Plaintiff's primary care physician. Plaintiff had not given authorization to anyone to do so.

9. **Third Cause of Action: Violation of Article I "Declaration of Rights," Section 7: Due Process of Law.** Plaintiff was deprived of his right to counsel (                    ) by the Police Officers; he was forcibly handcuffed, removed from his cell and taken to San Francisco General Hospital against his will.

10. **Fourth Cause of Action: Violation of Article I "Declaration of Rights," Section 13: Unreasonable Search and Seizure; Warrant.** Police Officers did not have a warrant for Plaintiff's arrest nor did they have a witness present to confront Plaintiff in connection with the allegations of said 5150 order.

11. **Fifth Cause of Action: Violation of Article I "Declaration of Rights," Section 14: Felony Defendant before Magistrate; Prosecution.** Plaintiff was denied his right to a speedy hearing and to counsel by the defendants at San Francisco General Hospital where he was held against his will from 8-24-06 through 8-26-06

12. **Sixth Cause of Action: Violation of Article I "Declaration of Rights," Section 15: Criminal Prosecutions, rights of defendants; due process of law; jeopardy; depositions; assistance of counsel.** Plaintiff was denied his rights under this section of the State's Constitution by San Francisco General Hospital personnel where he was held against his will from 8-22-06 through 8-26-06 Plaintiff kept stating that he represented no threat to anyone or himself and that he wanted to go home.

13. **Seventh Cause of Action: Violation of Article I "Declaration of Rights," Section 15: Criminal Prosecutions, rights of defendants; due process of law; jeopardy; depositions; assistance of counsel.** Plaintiff's rights were violated by the psychological torture inflicted upon him by San Francisco General Hospital personnel who kept telling him that he could be held 'indefinitely' unless he stop complaining that he was being held against his will. He was placed in solitary confinement and strapped like an animal. Plaintiff had to beg          for a blanket while tied down as he was freezing in the cold solitary room.

14. **Eighth Cause of Action: Violation of Article I "Declaration of Rights," Section 15: Criminal Prosecutions, rights of defendants; due process of law; jeopardy; depositions; assistance of counsel.** Plaintiff's rights were violated when San Francisco General Hospital personnel denied him the opportunity to confront the witness who allegedly had called for the 5150 against Plaintiff.

15. **Ninth Cause of Action: Violation of Article I "Declaration of Rights," Section 17: Unusual Punishment and Excessive fines.** Plaintiff's rights were violated when he was assaulted by San Francisco General Hospital personnel who administered an injection with medication against his will.

16. **Tenth Cause of Action: Violation of Article I "Declaration of Rights," Section 17: Unusual Punishment and Excessive fines.** Plaintiff's rights were violated by the psychological torture inflicted upon him by San Francisco General Hospital personnel who kept telling him that he could be held 'indefinitely' unless he stopped complaining that he was being held against his will. He was placed in solitary confinement and strapped like an animal. Plaintiff had to beg          for a blanket while tied down as he was freezing in the cold solitary room.

17. **Eleventh Cause of Action: Tortious Interference with Plaintiff's Investment.** The Police Officers, and Sheriffs deputies, and San Francisco General Hospital personnel's actions brought on unfathomable en         distress upon Plaintiff. They also affected the Plaintiff's relationship with his neighbors and his friends. Plaintiff has information and believes that these actions contributed and encouraged the filing of lawsuits That are now being   Matte   The total economic damage to Plaintiff is incalculable at this time.

18. **Twelfth Cause of Action: Personal Injury.** Plaintiff suffered great trauma inflicted and brought on by the actions of the Police Officers, Sheriff's personnel, and San Francisco General Hospital personnel with which he has to struggle on a daily basis.

Wherefore, Plaintiff prays for:

19. The Court to order the Defendants to line up all personnel involved with this chain of events for him to face and positively identify so that they can be fired and prosecuted for the crimes perpetrated against and upon Plaintiff.

20. $1,000,000.00 in general damages, compensatory damages and punitive damages.

21. For legal costs.

22. Any other relief as the Court may deem just and proper.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 8-20-07

_____
Donald G. Bertone                    Plaintiff



# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 201.9(c))

### Superior Court of California
### County of San Francisco



## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.



# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1)    Judicial Arbitration
2)    Mediation
3)    The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called <u>judicial arbitration</u>. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through <u>private arbitration</u>. Here, the parties



voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

# MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case.  Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions.  Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes.  An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts.   Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties.  A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed.  If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation.  The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial.  Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110).  Both forms are attached to this packet.



### *Mediation Services of the Bar Association of San Francisco*

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-9000.

### *Judicial Mediation*

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.



## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.


## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

ADR-1    10/07 (ja)                                                    Page 8

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

* * * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| | Case No. _____ |
| Plaintiff | **STIPULATION TO ALTERNATIVE** |
| v. | **DISPUTE RESOLUTION** |
| Defendant | |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ Private Mediation          ☐  Mediation Services of BASF          ☐  Judicial Mediation
☐ Binding arbitration                                                    Judge _____
☐ Non-binding judicial arbitration                                       Judge _____
☐ BASF Early Settlement Program
☐ Other ADR process (describe) _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____


| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐  Plaintiff   ☐  Defendant   ☐  Cross-defendant | | Dated: _____ |


| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐  Plaintiff   ☐  Defendant   ☐  Cross-defendant | | Dated: _____ |


| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐  Plaintiff   ☐  Defendant   ☐  Cross-defendant | | Dated: _____ |


☐  *Additional signature(s) attached*

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT <br> **(Check one):**  ☐ UNLIMITED CASE <br> (Amount demanded exceeds $25,000)  ☐ LIMITED CASE <br> (Amount demanded is $25,000 or less) | CASE NUMBER: |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint     *(describe, including causes of action)*:

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court, <br> rules 3.720–3.730 <br> www.courtinfo.ca.gov

American LegalNet, Inc. <br> www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial    *(if more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
  a. ☐   The trial has been set for *(date):*
  b. ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

  c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
  a. ☐   days *(specify number):*
  b. ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
  a.   Attorney:
  b.   Firm:
  c.   Address:
  d.   Telephone number:
  e.   Fax number:
  f.   E-mail address:
  g.   Party represented:
  ☐   Additional representation is described in Attachment 8.

9.   **Preference**
  ☐   This case is entitled to preference *(specify code section):*

10.   **Alternative Dispute Resolution (ADR)**
  a.   Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
  b. ☐   All parties have agreed to a form of ADR. ADR will be completed by *(date):*
  c. ☐   The case has gone to an ADR process *(indicate status):*



CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply):*
    (1) ☐ Mediation
    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before
        arbitration under Cal. Rules of Court, rule 3.822)
    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days
        before trial; order required under Cal. Rules of Court, rule 3.822)
    (4) ☐ Binding judicial arbitration
    (5) ☐ Binding private arbitration
    (6) ☐ Neutral case evaluation
    (7) ☐ Other *(specify):*

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil
        Procedure section 1141.11.
    g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

11. Settlement conference
    ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

12. Insurance
    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
    b. Reservation of rights:   ☐ Yes   ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

13. Jurisdiction
    Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
    ☐ Bankruptcy   ☐ Other *(specify):*
    Status:

14. Related cases, consolidation, and coordination
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 14a.
    b. ☐ A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party):*

15. Bifurcation
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of
      action *(specify moving party, type of motion, and reasons):*

16. Other motions
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**21. Case management orders**
Previous case management orders in this case are *(check one):*  ☐ none  ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any):*** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

_____          ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

                                                          ☐ Additional signatures are attached



# Superior Court of California
## County of San Francisco

**HON. DAVID BALLATI**
**PRESIDING JUDGE**

### Judicial Mediation Program

**JENIFFER B. ALCANTARA**
**ADR PROGRAM ADMINISTRATOR**

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy.  Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation.  Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended.  This program may also be utilized at anytime throughout the litigation process.  The panel of judges currently participating in the program includes:

The Honorable David J. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Harold E. Kahn
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason

The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212.  A preference for a specific judge may be indicated.  The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note:  Space is limited.  Submission of a stipulation to judicial mediation does not guarantee inclusion in the program.  You will receive written notification from the court as to the outcome of your application.

**Superior Court Alternative Dispute Resolution**
400 McAllister Street, Room 103, San Francisco, CA  94102
(415) 551-3876

# EXHIBIT B

1   DENNIS J. HERRERA, State Bar #139669
    City Attorney
2   JOANNE HOEPER, State Bar #114961
    Chief Trial Attorney
3   ANDREW GSCHWIND, State Bar #231700
    Deputy City Attorney
4   Fox Plaza
    1390 Market Street, 6th Floor
5   San Francisco, California 94102-5408
    Telephone:    (415) 554-3800
6   Facsimile:    (415) 554-3837

7   Attorneys for Defendant
    CITY AND COUNTY OF SAN FRANCISCO

8

9                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          COUNTY OF SAN FRANCISCO

11                          UNLIMITED JURISDICTION

12   DONALD G. BERTONE,                      Case No. CGC-07-466431

13              Plaintiff,                    **DEFENDANT CITY'S ANSWER TO
                                              COMPLAINT**
14       vs.
                                              Date Action Filed:    Aug. 21, 2007
15   CITY & COUNTY OF SAN                     Trial Date:           Not Set
     FRANCISCO, SAN FRANCISCO
16   POLICE DEPT., SAN FRANCISCO
     GENERAL HOSPITAL, SAN
17   FRANCISCO SHERIFF'S DEPT. and
     DOES 1-100,
18
                Defendants.
19

20

21       Defendant City and County of San Francisco ("defendant" or the "City"), a municipal

22   corporation, responds to plaintiff's complaint as follows:

23                              **GENERAL DENIAL**

24       Pursuant to section 431.30 of the California Code of Civil Procedure, defendant denies each

25   and every allegation in the complaint.

26

27

28

                                          1

## SEPARATE AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiff fails to state facts sufficient to constitute a cause of action against defendant.

### SECOND AFFIRMATIVE DEFENSE

(Barred by Tort Claims Act)

Defendant alleges that plaintiff failed to comply with the requirements of the California Tort Claims Act (California Government Code § 810 *et seq.*) – including but not limited to Gov't Code Sections: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.8; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 831.7; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.8; 850; 80.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 956.4 – and therefore all claims of the plaintiff are barred.

### THIRD AFFIRMATIVE DEFENSE

(Comparative Negligence)

Defendant alleges by way of a plea of comparative negligence that plaintiff is negligent in and about the matters and activities alleged in the complaint; that said negligence contributed to and was a proximate cause of plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if plaintiff is entitled to recover damages against defendant, then defendant prays that the recovery be diminished or extinguished by reason of the negligence of plaintiff in proportion to the degree of fault attributable to plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Defendant alleges that the complaint and each and every cause of action therein is barred by the statute of limitations as set forth in California Government Code § 945.6, California Code of Civil Procedure § 335 *et seq.*, and related statutes.

### FIFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Defendant alleges that the complaint and each and every cause of action therein is barred

2.

because plaintiff failed to use reasonable diligence to mitigate damages allegedly sustained and said failure bars or reduces the recovery, if any from defendant.

## SIXTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Defendant alleges that the plaintiff had full knowledge of the risks involved in the activity in which the plaintiff was engaged at the time of the incident set forth in the complaint; that the plaintiff voluntarily assumed all the risks incident to the activity the plaintiff was engaged in at the time of the incident; and that the loss or damage, if any, sustained by the plaintiff was caused by said risks that were accepted and voluntarily assumed by the plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

### (Negligence of Third Parties - Equitable and Statutory Indemnity for Defendant)

Defendant states that plaintiff's injuries were caused by the negligence or other act or omission of third parties, and defendant is entitled to equitable and statutory indemnity from such third parties.

## EIGHTH AFFIRMATIVE DEFENSE

### (Denial of Damages)

Defendant denies that plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Immunity)

Defendant alleges the provisions of the California Tort Claims Act of the California Government Code (Government Code §810 *et seq.*) as a measure of the duty of the City and County of San Francisco and its employees.

## TENTH AFFIRMATIVE DEFENSE

### (Immunity)

Defendant claims the immunities under the applicable provisions of the Government Code, including but not limited to, sections 820.8, 830-835.4.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Contribution)

Defendant alleges that the fault of persons other than these defendants contributed to and proximately caused the occurrence; and under the principles formulated in the case of *American Motorcycle Association v. Superior Court*, (1978) 20 Cal.3d 578, and under the provisions of California Civil Code §§1431, 1431.1, 1431.2 and 1431.3, defendant prays that the percentage of such contribution be established by special verdict or other procedure, and that this defendant's ultimate liability be reduced to the extent of such contribution.

## TWELFTH AFFIRMATIVE DEFENSE

### (Variance Between Notice of Claim and Complaint)

Plaintiff's purported causes of action are limited to those factual allegations and theories of recovery set forth in plaintiff's written government tort claim, if any, and that to the extent that the complaint attempts to enlarge or expand upon those allegations and theories, the complaint fails to state a cause of action and is barred pursuant to Government Code §§905, 910, 911.2, 945.5, 950.2 and related provisions.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Exemplary Damages)

Defendant alleges that the City and County of San Francisco and its employees are immune from liability for exemplary damages pursuant to provisions of section 818 of the California Government Code.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant alleges that the employees, officials and agents of defendant City were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that plaintiff may have is barred by law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

By reason of plaintiff's own acts and omissions, plaintiff is estopped from seeking any

4

1  recovery from defendant by reason of the allegations set forth in the complaint.

2  ### SIXTEENTH AFFIRMATIVE DEFENSE

3  (Res Judicata & Collateral Estoppel)

4  The complaint and each cause of action therein is barred by the doctrines of *res judicata* and

5  collateral estoppel.

6  ### SEVENTEENTH AFFIRMATIVE DEFENSE

7  (Unclean Hands)

8  The complaint and each cause of action therein is barred by the doctrine of unclean hands.

9  ### EIGHTEENTH AFFIRMATIVE DEFENSE

10  (Qualified/Absolute Immunity for Peace Officers)

11  Defendant alleges that all peace officers involved in this incident are entitled to absolute

12  and/or qualified immunity because they were acting within the scope of their duties in good faith as

13  peace officers at the time of the incident.

14

15

16  WHEREFORE, defendant prays for judgment as follows:

17  1.      That plaintiff take nothing from defendant;

18  2.      That the complaint be dismissed with prejudice;

19  3.      That defendant recover costs of suit herein, including attorneys' fees; and

20  4.      For such other relief as is just and proper.

21

22

23

24

25

26

27

28

1  Dated: February 15, 2008

2                                      DENNIS J. HERRERA
                                       City Attorney
3                                      JOANNE HOEPER
                                       Chief Trial Deputy
4                                      ANDREW M. GSCHWIND
                                       Deputy City Attorney
5

6

7    By: _____
                ANDREW M. GSCHWIND
8
                                       Attorneys for Defendant
9                                      City & County of San Francisco

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

1

PROOF OF SERVICE

2

I, FOLASHADE ADESANWO, declare as follows:

3
4

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

5

On February 15, 2008, I served the attached:

6

DEFENDANT CITY'S ANSWER TO COMPLAINT

7

on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

8
9

Donald G. Bertone
336 Lathrop Avenue
San Francisco, CA 94134

10

*Plaintiff in Pro Per*

11

and served the named document in the manner indicated below:

12
13
14
15

☒    **BY MAIL:** I caused true and correct copies of the above documents, by following ordinary business practices, to be placed and sealed in envelope(s) addressed to the addressee(s), at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, City and County of San Francisco, California, 94102, for collection and mailing with the United States Postal Service, and in the ordinary course of business, correspondence placed for collection on a particular day is deposited with the United States Postal Service that same day.

16
17

☐    **BY PERSONAL SERVICE:** I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).

18
19

☐    **BY EXPRESS SERVICES OVERNITE:** I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered to EXPRESS SERVICES OVERNITE for overnight courier service to the office(s) of the addressee(s).

20

☐    **BY FACSIMILE:** I caused a copy(ies) of such document(s) to be transmitted via facsimile machine. The fax number of the machine from which the document was transmitted wasFax #'.

21
22

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23

Executed February 15, 2008, at San Francisco, California.

24
25
26

FOLASHADE ADESANWO

27
28

7

1   DENNIS J. HERRERA, State Bar #139669
    City Attorney
2   JOANNE HOEPER, State Bar #114961
    Chief Trial Attorney
3   ANDREW GSCHWIND, State Bar #231700
    Deputy City Attorney
4   Fox Plaza
    1390 Market Street, 6th Floor
5   San Francisco, California 94102-5408
    Telephone:    (415) 554-3800
6   Facsimile:    (415) 554-3837

7   Attorneys for Defendant
    CITY AND COUNTY OF SAN FRANCISCO
8

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

FEB 19 2008

GORDON PARK-LI, Clerk
BY: _____
MARIA SANCHEZ
Deputy Clerk

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF SAN FRANCISCO

11                       UNLIMITED JURISDICTION

12   DONALD G. BERTONE,                    Case No. CGC-07-466431

13          Plaintiff,                     **DEFENDANT CITY'S LOCAL RULE
                                           6.1(c) OBJECTION AND JURY TRIAL
14      vs.                                DEMAND**

15   CITY & COUNTY OF SAN                  Date Action Filed:    Aug. 21, 2007
     FRANCISCO, SAN FRANCISCO             Trial Date:           Not Set
16   POLICE DEPT., SAN FRANCISCO
     GENERAL HOSPITAL, SAN
17   FRANCISCO SHERIFF'S DEPT. and
     DOES 1-100,
18
            Defendants.
19

20

21          **PLEASE TAKE NOTICE** that, pursuant to Uniform Local Rule 6.1 (c), defendant City

22   and County of San Francisco hereby objects to a Court Commissioner acting as a Judge Pro

23   Tempore for the purposes of presiding over the trial in the above-captioned case.  At this time,

24   defendant will not stipulate to a Court Commissioner acting as a Judge Pro Tempore for the

25   purposes of presiding over the trial.  However, defendant reserves the right to consider this option

26   and to enter such a stipulation at a later time.

27                              **JURY TRIAL DEMAND**

28          Defendant City and County of San Francisco demands a trial by jury in this action on all

                                          1

1    issues so triable.

2

3    Dated: February 15, 2008

4
                                    DENNIS J. HERRERA
5                                   City Attorney
                                    JOANNE HOEPER
6                                   Chief Trial Deputy
                                    ANDREW M. GSCHWIND
7                                   Deputy City Attorney

8

9    By:
                                    ANDREW M. GSCHWIND
10
                                    Attorneys for Defendant
11                                  City and County of San Francisco

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, FOLASHADE ADESANWO, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On February 15, 2008, I served the attached:

DEFENDANT CITY'S LOCAL RULE 6.1(c) OBJECTION AND JURY TRIAL DEMAND

on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

Donald G. Bertone
336 Lathrop Avenue
San Francisco, CA 94134

*Plaintiff in Pro Per*

and served the named document in the manner indicated below:

☒ **BY MAIL**: I caused true and correct copies of the above documents, by following ordinary business practices, to be placed and sealed in envelope(s) addressed to the addressee(s), at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, City and County of San Francisco, California, 94102, for collection and mailing with the United States Postal Service, and in the ordinary course of business, correspondence placed for collection on a particular day is deposited with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).

☐ **BY EXPRESS SERVICES OVERNITE**: I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered to EXPRESS SERVICES OVERNITE for overnight courier service to the office(s) of the addressee(s).

☐ **BY FACSIMILE**: I caused a copy(ies) of such document(s) to be transmitted via facsimile machine. The fax number of the machine from which the document was transmitted was Fax #.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed February 15, 2008, at San Francisco, California.

FOLASHADE ADESANWO

3