UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| DONALD BERTONE,<br><br>             Plaintiff,<br>   v.<br>CITY & COUNTY OF SAN FRANCISCO, et al.,<br><br>            Defendants.<br>_____/ | No. C-08-1003 MEJ<br><br>**ORDER RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 38)**<br><br>**ORDER REMANDING STATE LAW CLAIMS** |

    On August 21, 2007, Plaintiff Donald Bertone initiated this action in San Francisco County Superior Court against Defendant the City and County of San Francisco.[1] Dkt. No. 1. In his pro se complaint,[2] Plaintiff appears to allege 13 causes of action based on the following: (1) injuries he suffered in January 2006 while he was traveling in a San Francisco Police Department transport van that did not have any body restraints; (2) his unlawful confinements — under Section 5150 of the California Welfare and Institutions Code — at San Francisco General Hospital during February and August 2006; and (3) injuries he suffered when San Francisco Sheriff Department deputies used excessive force in removing him from his cell in August 2006. *Id.* Plaintiff seeks $9,000,000 for his injuries and distress. *Id.* Almost all of Plaintiff's causes of action are predicated on the California Constitution and other state law torts. *Id.* His complaint, however, does include two unlabelled causes of action that may be interpreted as claims under 42 U.S.C. § 1983 for violation of his constitutional rights, stemming from his detentions and the force used against him. *Id.* Based on

---

[1] Plaintiff's complaint also named San Francisco's Police Department, Sheriff's Department, and General Hospital as defendants. These organizations, however, are not separate legal entities and are operated by the City and County of San Francisco.

[2] Plaintiff was temporarily represented by counsel from January to August 2011. At that point, his counsel's motion to withdraw was granted by the Court. Dkt. Nos. 9 and 25.

these potential federal claims, Defendant removed the action to this Court and now moves for summary judgment on Plaintiff's entire complaint. Dkt. Nos. 1 and 38. Because Plaintiff's Section 1983 claim is the only federal question presented by his lawsuit, the Court begins its analysis by first examining these allegations.[3]

To prevail on his Section 1983 claim, Plaintiff must establish "(1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). Pursuant to *Monell v. Department of Social Services*, a "local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694; *see also Rubino v. Cnty. of San Diego*, 2007 WL 935607, at *15 (S.D. Cal. Mar. 12, 2007) (a plaintiff who has not named any individual defendants can only proceed with his Section 1983 lawsuit by proving that a "County policy or custom" caused his constitutional injury).

Here, Plaintiff concedes that he has not named any individual defendants in his complaint.[4] Dkt. No. 1 at 2. Accordingly, for him to prove his Section 1983 claim against Defendant, he must present evidence showing that his constitutional rights were violated as a result of the Defendant's policy or custom. On summary judgment, Plaintiff is required "to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*,

---

[3] The Court has reviewed each of the papers submitted by the parties. This Order, however, only discusses the facts of this dispute and the issues they raise if they are material to the disposition of this matter.

[4] To the extent that Plaintiff argues that he should be excused from naming any individual defendants because he cannot identify them, this argument is not persuasive. Plaintiff has failed to conduct any discovery into his claims even though this lawsuit is nearly five years old. It is Plaintiff's burden to produce admissible evidence to avoid summary judgment and Defendant should not be penalized for Plaintiff's failure to prosecute his claims.

477 U.S. 317, 324 (1986) (internal quotations and citations omitted). The Court is required to view any evidence in a light most favorable to Plaintiff, the nonmoving party, and cannot weigh conflicting evidence or make credibility determinations. *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

Plaintiff has failed to meet the above summary judgment burden. He does not allege in his complaint that Defendant had a custom or policy that caused his injuries. More importantly, a review of the papers filed by Plaintiff in opposition to Defendant's motion for summary judgment shows that he has not presented any evidence of a custom or policy of Defendant's that can be attributed to the conduct he complains about.[5] As other courts have noted, "[i]t is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (citation omitted). Because Plaintiff has failed to present any evidence to support his federal claim, Defendant's motion for summary judgment on this ground is GRANTED and Plaintiff's Section 1983 claim is DISMISSED WITH PREJUDICE.

With the dismissal of the Section 1983 claim, Plaintiff's only basis for invoking federal jurisdiction no longer exists, and the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law causes of action. *See* 28 U.S.C. § 1367(c) (The Court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction"); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal claims are

---

[5] Plaintiff appears to admit in his opposition that he has no evidence that Defendant had any custom or policy: "[w]hether they have a policy or practice, or not, to engage in these wrongdoings has nothing to do with the fact that the employees of the City and County did commit these wrongs against me which is why I have spent so much time and money to point these actions out in order to not only seek monetary redress for my losses but to see that these 'issues' get corrected in the future." Dkt. No. 49 at 3. Without naming any individual defendants or presenting any evidence of a custom or policy, Plaintiff's Section 1983 claim is not actionable.

eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). In declining to exercise supplemental jurisdiction, the Court considers that this matter involves many state law claims and that the Court has not devoted a significant amount of judicial resources to this action since this is the first substantive motion that has required the Court to issue a decision. For the foregoing reasons, Plaintiff's state law causes of action are REMANDED to the San Francisco County Superior Court. *See Carnegie-Mellon*, 484 U.S. at 353 ("remand may best promote the values of economy, convenience, fairness, and comity").

**IT IS SO ORDERED.**

Dated: May 30, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge